Shawn SHELTON, Plaintiff–Appellant,

v.

The TRUSTEES OF COLUMBIA UNIVERSITY, also known as Columbia University, Defendant–Appellee,

Peter Awn, Individual and official capacity, Lee Bollinger, Individual and official capacity, Scott Halvorson, Individual and official capacity, Vanessa Karahalios, Individual and official capacity, Mary McGee, Individual and official capacity, Barbara Moss, Individual and official capacity, Defendants.

No. 06–0664–cv.

United States Court of Appeals, Second Circuit.

May 23, 2007.

Ronald L. Wilson, Law Office of Ronald L. Wilson, New Orleans, LA, for Appellant.

Arthur M. Toback, Toback Hyman Bernstein & Reiss, LLP, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Shawn Shelton appeals by counsel from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), dismissing his *pro se* complaint pursuant to Rule 4(m), Rule 8, and Rule 12(b)(6), striking his allegations pursuant to Rule 12(f), and refusing to grant leave to re-plead. We assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

The gravamen of Shelton's complaint is that while he was a student at Columbia University (the "University"), he was subjected to racial and sexual harassment by his advisor, that he complained to various deans about this harassment, that his complaints were ignored, and that his advisor's discriminatory animus resulted in Shelton's improper expulsion. Shelton also alleges that the University breached certain written and implied contracts.

On appeal, Shelton concedes that his complaint was not a short and plain statement, that it contained some immaterial and scandalous matter, and that therefore the district court's dismissal pursuant to Rule 8 and the striking of allegations pursuant to Rule 12(f) were appropriate. He also concedes that the individual defendants were not properly served, and that therefore the dismissal of all individual defendants pursuant to Rule 4(m) was appropriate. But Shelton argues that the district court erred in refusing to grant leave to re-plead and in concluding that *none* of his causes of action stated a claim upon which relief could be granted. We agree.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927

F.2d 698, 705 (2d Cir.1991). "[I]t will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988).

At oral argument in this Court, the University conceded that Shelton's allegations, if proven, could entitle him to relief on his claim of sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (his first cause of action), and on his claim of race discrimination under 42 U.S.C. § 1981 (his second cause of action). That concession is compelled by Shelton's allegations that his advisor told him: [i] that he would have "gotten off with a warning" if he had submitted to the advisor's advances, and [ii] that he was being expelled "for being a black [expletive] who thinks that he is too good." Compl. ¶ 28. Accordingly, we vacate the district court's judgment dismissing Shelton's first and second causes of action.

■ The district court dismissed certain of Shelton's contract claims (his eighth, twelfth, seventeenth, nineteenth, and twenty-third causes of action) because they " 'should have been brought in an Article 78 proceeding,' " for which the limitations period had expired. *Shelton v. The Trustees of Columbia Univ.,* No. 04 Civ. 6714, 2005 WL 2898237, at *4 (S.D.N.Y. Nov.1, 2005) (quoting *Chira v. Columbia Univ.,* 289 F.Supp.2d 477, 486 (S.D.N.Y.2003)). But at oral argument, the University conceded these claims *could* be stated as contract claims if, in an amended complaint, Shelton were to seek monetary relief instead of declaratory or injunctive relief. And as to one claim, Shelton alleged that he "entered into a written agreement with ... Columbia University." Compl. ¶ 56. As to these contract claims as a whole, we cannot say that it is "beyond doubt" that Shelton could "prove no set of facts ... which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Leave to amend should have been granted. Accordingly, we vacate the district court's judgment dismissing Shelton's eighth, twelfth, seventeenth, nineteenth, and twenty-third causes of action.

Because Shelton has not appealed these rulings, the district court's dismissal pursuant to Rule 12(b)(6) and denial of leave to amend is affirmed as to Shelton's third, fourth, fifth, sixth, seventh, ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth, twentieth, twenty-first, twenty-second, twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh causes of action. The district court's dismissal pursuant to Rule 4(m) is affirmed as to all causes of action against all individual defendants. On remand, the district court should offer Shelton an opportunity to replead consistent with this order.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** in part, and **VACATED** and **REMANDED** in part for proceedings consistent with this order.